Gonzalez v. NYU Langone Hospitals

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of September, two thousand twenty-two.

PRESENT:
> ROSEMARY S. POOLER,
> ROBERT D. SACK,
> MICHAEL H. PARK,
> *Circuit Judges.*

---

AIDA GONZALEZ,

> *Plaintiff-Appellant*,

v.        21-2569

NYU LANGONE HOSPITALS,

> *Defendant-Appellee.*[*]

---

FOR PLAINTIFF-APPELLANT:      Kareem El-Din Abdo, Law Office of Kareem Abdo, New York, NY.

FOR DEFENDANT-APPELLEE:      William Cusack III, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., New York, NY.

---

[*] The Clerk of Court is respectfully directed to amend the caption accordingly.

Appeal from a judgment of the United States District Court for the Southern District of New York (Vyskocil, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Aida Gonzalez was a long-time employee of NYU Langone Hospitals ("NYULH") who worked as a dietary aide. Between 2010 and 2017, Gonzalez had several performance issues, including failure to follow proper clocking in and out procedures and "no call no shows." Gonzalez's NYULH supervisors repeatedly warned Gonzalez that her failure to correct these performance issues could result in disciplinary action as serious as termination. NYULH finally terminated Gonzalez on February 7, 2017, citing a no call no show three weeks earlier, her alleged dishonestly about her supervisor's approval of a time off request, and a final warning she had received in October 2016 for another no call no show. Gonzalez sued NYULH for retaliation under Title VII of the Civil Rights Act of 1964 alleging that her termination was retaliation for assisting a fellow NYULH employee, Aura Troche, to bring a lawsuit against NYULH by providing translation services for Troche at Troche's attorney's office beginning on October 18, 2016. NYULH moved for summary judgment, which the district court granted because it determined that Gonzalez failed to establish a prima facie case of retaliation by failing to proffer evidence that her termination was causally connected to her protected activity of helping Troche. Gonzalez appealed. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review the entry of summary judgment *de novo*, "construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in [the nonmoving party's] favor." *McElwee v. Cnty. of Orange*, 700 F.3d 635, 640 (2d Cir. 2012). Title VII prohibits

2

employers from retaliating against employees for assisting other employees in opposing discriminatory employment practices. *See* 42 U.S.C. § 2000e–3(a).

> In order to show a *prima facie* case of retaliation in response to a motion for summary judgment, a plaintiff must submit sufficient admissible evidence to allow a trier of fact to find: (i) conduct by the plaintiff that is protected activity under Title VII; (ii) of which the employer was aware; (iii) followed by an adverse employment action of a nature that would deter a reasonable employee from making or supporting a discrimination claim; (iv) that was causally connected to the protected activity.

*Cox v. Onondaga Cnty. Sheriff's Dep't*, 760 F.3d 139, 145 (2d Cir. 2014) (citation omitted). There are two ways in which a plaintiff can demonstrate a causal connection: "indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct," or "directly, through evidence of retaliatory animus directed against the plaintiff by the defendant." *Littlejohn v. City of New York*, 795 F.3d 297, 319 (2d Cir. 2015) (quoting *Gordon v. N.Y.C. Bd. of Educ.*, 232 F.3d 111, 117 (2d Cir. 2000)). Although "[t]he temporal proximity of events may give rise to an inference of retaliation for the purposes of establishing a prima facie case of retaliation under Title VII," *El Sayed v. Hilton Hotels Corp.*, 627 F.3d 931, 933 (2d Cir. 2010), "[w]here timing is the only basis for a claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not arise," *Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 95 (2d Cir. 2001).

We agree with the district court that Gonzalez fails to proffer sufficient evidence for a jury to infer a causal connection between her protected activity and termination. Gonzalez therefore does not meet her burden of making out a prima facie case of retaliation. *See Cox*, 760 F.3d at 145. Gonzalez's extensive history of performance issues and ongoing discipline dating back to 2010—long before her protected activity in 2016—prevent her from establishing an indirect causal connection. Although Gonzalez argues that the "temporal proximity" between her protected

3

activity and her termination gives rise to an inference of discrimination, *see* Appellant's Br. at 22, her argument fails because her termination was preceded by "gradual adverse job actions [that] began well before [Gonzalez] had ever engaged in any protected activity." *Slattery*, 248 F.3d at 95. Moreover, Gonzalez no call no showed and was disciplined a week before she began assisting Troche with her lawsuit, and she no call no showed again a week before Troche filed her lawsuit and two weeks before NYULH was served with the complaint. Given Gonzalez's history of performance issues and discipline, temporal proximity, without more, is insufficient to raise an inference of discrimination. *See id.*

Gonzalez also fails to proffer sufficient evidence for a jury to infer that NYULH had knowledge of Gonzalez's protected activity prior to her termination. *See Cox*, 760 F.3d at 145. Gonzalez asserts that her assistance with Troche's lawsuit was protected activity, but there is no evidence that anyone at NYULH knew about Gonzalez's assistance before she was disciplined for her no call no shows. Even in her own deposition testimony, Gonzalez merely speculates that her supervisor, Rebecca Ortiz, was told about Gonzalez's assistance of Troche by another employee, Rosa Perez, without any factual basis or specificity as to timing. *See* App'x 485–88 (Gonzalez asserting that Perez is an "informer" and has Ortiz "on speed dial," but conceding that she had no knowledge that Perez told Ortiz anything). Moreover, although NYULH was served with Troche's complaint on February 3, 2017—four days before Gonzalez's termination—the complaint does not mention Gonzalez or otherwise alert NYULH of her protected activity. There is thus no evidence that NYULH had knowledge of Gonzalez's protected activity, an essential element of a prima facie case of retaliation.

Without evidence of a causal connection between Gonzalez's protected activity and her termination or of NYULH's knowledge of Gonzalez's protected activity, Gonzalez fails to meet

her burden of establishing a prima facie case of retaliation. NYULH is therefore entitled to summary judgment. *See Cox*, 760 F.3d at 145. We have considered the remainder of Gonzalez's arguments and find them to be without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court